[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10726

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2011
JOHN LEY
CLERK

D. C. Docket No. 4:08-cv-00122-RLV

PACIFIC INDEMNITY COMPANY,

Plaintiff-Appellant,

versus

WASHINGTON MUTUAL BANK, FA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 18, 2011)

Before DUBINA, Chief Judge, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Appellant Pacific Indemnity Company ("Pacific") appeals from the district court's grant of summary judgment in favor of Washington Mutual Bank ("Washington Mutual") on Pacific's breach of contract claim.

In August 2004, Washington Mutual loaned Greg Cordell $1,000,000.00 to refinance the purchase of property located in Cartersville, Georgia. As security for the loan, Cordell executed a security deed in favor of Washington Mutual. Pacific wrote the insurance policy on the property. The policy named Washington Mutual as the mortgagee and provided that if a mortgagee is named in the policy, then any payable loss will be payable to the mortgagee. The policy furthers states that "at [Pacific's] option, [Pacific] may pay the mortgagee . . . the whole principal on the mortgage plus any accrued interest. In this event, [Pacific] will receive a full assignment and transfer from the mortgagee . . . and all securities held as collateral to the debt."

On September 1, 2004, a fire destroyed the home located on the property and Cordell filed a claim with Pacific. Although Washington Mutual did not file a claim under the policy, on October 29, 2004, Pacific's counsel send a letter to Washington Mutual informing Washington Mutual that its claim for the September 1, 2004, loss would be paid. The letter explained that Pacific had not

completed its investigation into Cordell's claim, but that Pacific would immediately pay Washington Mutual's claim to avoid the accrual of interest.

The letter also stated that Pacific would send, by overnight delivery, a check for the pay-off amount for the mortgage note. The letter directed that the payment be applied to the outstanding balance under the mortgage note, but stated that no decision had been made regarding whether Pacific will exercise its right to take a full assignment of the mortgage note and requested that Washington Mutual "take no action to satisfy, cancel, or release the mortgage note." The letter concluded by advising that "[w]hen the investigation [into the fire] is completed, [Washington Mutual] will be notified in writing with instructions to execute a full assignment of the mortgage in favor of [Pacific] or, alternatively, to satisfy and cancel the mortgage note."

Following the receipt of the check for the pay-off amount, Washington Mutual sent a letter to Pacific acknowledging receipt of the funds. That letter stated in relevant part: "Please be advised that this loan has been documented with your request to not release the lien on this property until the investigation with Pacific Indemnity Company has been completed. Our records do indicate that this loan was paid in full on November 2, 2004." Washington Mutual then began the process of releasing the lien. That process was completed in January 2005 when

3

Washington Mutual sent a discharge of Deed to Secure Debt to the Clerk of Superior Court of Bartow County, Georgia, for recording.

In May 2005, Pacific completed its investigation and denied Cordell's claim. In the letter denying the claim, Pacific indicated that it would be taking an assignment of the loan and deed from Washington Mutual. Upon discovering that the deed had been discharged, Pacific filed suit against Washington Mutual in the district court for breach of contract. Pacific and Washington Mutual filed cross motions for summary judgment. The district court denied Pacific's motion and granted Washington Mutual's motion. After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the district court's grant of summary judgment.

To the extent that there was any agreement to delay the cancellation of the deed for further investigation, Georgia law prevented Washington Mutual from delaying any longer than 60 days. *See* O.C.G.A. § 44-14-3(b)(1) (2000) (requiring security deeds be cancelled within 60 days of full payment of the loan).[1] Thus, once the 60 days expired, any such contract between the parties would no longer

[1]This subsection was amended in 2008, but the statute as it existed in 2004–05 governs this dispute.

4

be enforceable.  Accordingly, we conclude that the district court did not err in granting Washington Mutual's motion for summary judgment.[2]

AFFIRMED.

---

[2]There are several other reasons we could give for affirming the district court's grant of summary judgment, including that there was never an agreement between the parties to permit a delay between debt payment and the assignment of the loan.